IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

PATRICIA VALDOVINOS,

        Plaintiff,

    v.

ANNA MARIA MANOR, LLC,

        Defendant.

No. 1:12-cv-824-PA

**ORDER**

**PANNER, J.**

In this employment discrimination action, the jury found for defendant Anna Maria Manor, LLC. Based on the jury verdict, this court issued a judgment dismissing the claims of plaintiff Patricia Valdovinos.

Defendant now moves for an award of costs and attorney's fees. I deny the motion for attorney's fees and grant the motion for costs.

**DISCUSSION**

**I.  Defendant Is Not Entitled to Attorney's Fees**

Plaintiff brought claims under Title VII and under state

1 - ORDER

law.  Defendant now seeks $50,000 in attorney's fees under Title VII, 42 U.S.C. § 2000e-5(k).

This court has discretion in determining whether to award attorney's fees under Title VII.  <u>EEOC v. Bruno's Restaurant</u>, 13 F.3d 285, 287 (9th Cir. 1993).  The court may award fees to a prevailing defendant "'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'"  <u>Id.</u> (quoting <u>Christianburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421 (1978)); see also <u>Harris v. Maricopa Cnty. Superior Court</u>, 631 F.3d 963, 974-75 (9th Cir. 2011).  The Supreme Court has cautioned that courts should not conclude that simply because a plaintiff ultimately lost a civil rights claim, the claim must have been without foundation.  Awarding fees based on hindsight "could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success."  <u>Christianburg Garment</u>, 434 U.S. at 422.

Here, I denied defendant's motion for summary judgment.  At trial, I concluded that plaintiff's Title VII claim should go to the jury.  Plaintiff's Title VII claim was not frivolous, unreasonable, or without foundation.  I deny defendant's motion for attorney's fees under Title VII.

## II. Defendant's Bill of Costs

The prevailing party is entitled to costs "unless the court otherwise directs."  Fed. R. Civ. P. 54(d).  The court has broad discretion to allow a prevailing party to recoup costs of litigation, but the court may not tax costs beyond those authorized by 28 U.S.C. § 1920.  See <u>Frederick v. City of</u>

2 - ORDER

Portland, 162 F.R.D. 139, 142 (D. Or. 1995).

Here, defendant's requested costs[1] are authorized by § 1920. I award defendant its requested costs.

### CONCLUSION

Defendant's motion for an award of attorney's fees (#67) is denied. Defendant's bill of costs (#69) is granted and defendant is awarded $1,257.88.

IT IS SO ORDERED.

DATED this __22__ day of May, 2013.

                                       OWEN M. PANNER
                                       U.S. DISTRICT JUDGE

---

1 The conclusion of defendant's memorandum requests $1,156.09 in costs, apparently because of a failure to include $101.79 in photocopy costs for the BOLI and EEOC files.

3 - ORDER